UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVER VASE, INC.,<br>Plaintiff,<br>v.<br>FLORICULTURA PACIFIC, INC., et al.,<br>Defendants. | Case No. 26-mc-80351-TSH<br><br>**ORDER RE: MOTION TO COMPEL**<br>Re: Dkt. No. 1 |

Before the Court is Silver Vase, Inc.'s motion to compel compliance with a subpoena issued in *Silver Vase, Inc. v. Floricultura Pacific, Inc., et al.*, 1:25-cv-25851-KMM, pending in the United States District Court for the Southern District of Florida. The subpoena requires compliance in this District, which is therefore the proper court to hear the motion in the first instance. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). The court where the underlying action is pending is the issuing court. Fed. R. Civ. P. 45(a)(2).

Under Federal Rule of Civil Procedure 45(f), the court where compliance is required may transfer a subpoena-related motion to the issuing court if the person subject to the subpoena consents or the court finds exceptional circumstances. The subpoena recipient's consent is sufficient to authorize transfer, and consent of the subpoenaing parties is unnecessary. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment; *In re Google LLC*, 2024 WL 217842, at *2 (N.D. Cal. Jan. 19, 2024) ("Under Rule 45(f), Google's consent alone is sufficient for the Court to order transfer."); *Mirza v. Yelp, Inc.*, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where . . . the Subpoenaing Parties object to the transfer and the nonparties subject to the subpoena consent to the transfer."). Without the subpoena recipient's consent, the proponent of transfer bears the

United States District Court
Northern District of California

burden of establishing exceptional circumstances. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. The Court must weigh any need to avoid disrupting the issuing court's management of the underlying action against the subpoena recipient's interest in local resolution. *Id.* The rule's primary concern is avoiding undue burdens on local nonparties; familiarity with the underlying case, by itself, does not establish that transfer is warranted. *Id.* If a motion is transferred, an attorney authorized to practice in the compliance court (i.e., this District) may appear on the motion in the issuing court as provided in Rule 45(f).

Accordingly, the Court **ORDERS** the parties to meet and confer and file a joint statement by December 2, 2026 addressing: (1) whether Orchids Salinas, Inc. consents to transfer to the Southern District of Florida; (2) if there is consent, whether any participant opposes transfer as a matter of discretion and why; and (3) if there is no consent, whether exceptional circumstances justify transfer and the basis for that contention. The Court expresses no view at this stage on whether transfer is appropriate.

Pending resolution of this issue, briefing deadlines on the pending motion are hereby **STAYED**.

**IT IS SO ORDERED.**

Dated: November 18, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California